IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUANN T. YANNI,

      Plaintiff,

v.                                                      No. 1:23-cv0435 DHU/DLM

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,[1]

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff Luann Yanni's Unopposed Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 47.) Yanni seeks $43,560.00 in attorney's fees based on 79.2 hours of work at a rate of $550.00 per hour. (*See id.* at 1, 4, 7.) Yanni asserts that "[t]he Commissioner is not a party to 42 U.S.C. § 406(b), and therefore neither supports nor opposes counsel's request for attorney's fees" and "does not intend to file a response" to the motion. (*Id.* at 2.) Having considered the record, submissions of counsel, and relevant law, I recommend that Yanni's motion be **GRANTED**.[2]

**I.**     **Relevant Background**

Yanni filed her application for disability insurance benefits (DIB) and supplemental security income (SSI) with the Social Security Administration on January 4, 2012, alleging a disability

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as defendant in this lawsuit.

[2] United States District Judge David H. Urias entered an Order of Reference Relating to Social Security Appeals on February 10, 2025, referring this motion to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 57.)

onset date of September 30, 2005. (Administrative Record[3] (AR) at 172, 193, 2984.) Disability Determination Services (DDS) denied her application initially and on reconsideration, and Administrative Law Judge (ALJ) Myriam C. Fernandez Rice issued an unfavorable decision finding Yanni not disabled. (*Id.* at 26–36, 115.) Yanni filed suit in this Court on May 19, 2023. (Doc. 1.) The Court found "that the Commissioner 'failed to apply the correct legal standard in evaluating the opinion of Plaintiff's treating physician, Dr. Thomas Whalen' and remanded the matter for the Commissioner to conduct that analysis." (Doc. 43 at 2 (quoting AR at 1201).) *See also Yanni v. Colvin*, No. CV 15-935 SCY, 2017 WL 3397382, at *1 (D.N.M. Mar. 21, 2017).

"While litigation was pending, Yanni filed subsequent Title II and Title XVI claims on September 2, 2015, which were consolidated" with the original claims and remanded by the Appeals Council to the ALJ. (Doc. 43 at 2 (citing AR at 1213).) The ALJ determined that Yanni was disabled as of January 15, 2016. (*See id.* (citing AR at 1048–96, 1018–35).) Yanni appealed to this Court, and the Court remanded on the basis that the ALJ "failed to 'adequately explain why he only gave partial weight to Dr. Whalen's opinions' contrary to" the first remand order. (*See id.* (quoting AR 2239–61, 2264).) *See also Yanni v. Saul*, No. CV 18-1195 CG, 2019 WL 5595182, at *2 (D.N.M. Oct. 30, 2019).

The ALJ denied Yanni's application on remand, and Yanni appealed for a third time. (*See* Doc. 43 at 4 (citing AR at 2159–87).) This time, the Commissioner voluntarily remanded. (*See id.* (citing AR at 2840–45).) The ALJ issued another unfavorable decision, and Yanni appealed once more. (AR at 2747–77; Doc. 1.) The Court concluded that the ALJ did not adequately review the treating physician's opinion as instructed by the Appeals Council, violating the Mandate Rule.

---

[3] Document 14 contains the sealed Administrative Record. (Docs. 14-2–14-9.) The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

(*See* Docs. 43 at 9–22; 44.) Given the case's history, the Court remanded for an immediate award of benefits. (*See* Docs. 43 at 35; 44.) Yanni received $251,143.00 in past due benefits and receives $1,754.00 in continued monthly benefits. (*See* Doc. 47 at 5.)

The Court previously granted attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $1,037.80. (*See* 1:20-cv-0915 LF, Doc. 24.) Yanni did not request EAJA fees in this case. (*See* Doc. 47 at 2.)

The Court also granted attorney's fees under the EAJA in the amount of $7,140.00 in Yanni's second appeal, but the entire award was subject to an offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B), and counsel did not receive the fees. (*See id.* (citing Doc. 47-8).)

Yanni now asks the Court to award her attorney's firm, Armstrong Johnson Law, LLC, a fee of $43,560.00, which is approximately 17.3% of Yanni's total past-due benefits. (*Id.* at 5.) Armstrong Johnson Law has represented Yanni since 2014. (*See id.* at 1.) Two attorneys from the firm have worked on Yanni's case: Laura Johnson and Katherine O'Neal. (*See id.* at 6.)

**II.    Legal Standard**

Attorneys who litigate on behalf of "Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406." *See Ortega v. Kijakazi*, No. CV 20-1245 GBW, 2023 WL 372878, at *2 (D.N.M. Jan. 24, 2023). An attorney who receives a fee award under both the EAJA and § 406(b) "must refund the smaller award to the claimant." *Id.* at *2 n.2 (citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)). Fees may be awarded by the Court under § 406(b) on receipt of past-due benefits. *Id.* at *2 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006)). In awarding fees, the Court is guided "by two conditions: a 25 percent cap and a reasonableness standard." *Id.* Section 406(b)(1)(A) provides that fees may not exceed 25 percent

of the total past-due benefits awarded to a plaintiff following a favorable judgment. *See id.* "This cap applies 'only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).'" *Id.* (quoting *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019)). The Court is further directed to award "reasonable" fees. *See id.* (citing 42 U.S.C. § 406(b)(1)(A)). It is the burden of the claimant's attorney to show the requested fee is reasonable. *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

To determine whether a requested fee award is reasonable, the Court examines "the character of the representation and the results the representative achieved." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). The Court may "consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010)). With respect to the third factor, the Court guards against a windfall award by comparing the requested fee to other awards in this district. *See id.* (citing *Gisbrecht*, 535 U.S. at 808).

**III.   Analysis**

Yanni requests a fee of $43,560.00, which is approximately 17.3% of her total past-due benefits and lower than the 25% cap permitted under § 406(b).[4] (*See* Doc. 47 at 5.) The Court finds the representation was adequate, as Yanni received a fully favorable decision. (*See* Doc. 44.) There is no evidence that counsel delayed the proceedings. Yanni's attorneys, who are experienced in this area, spent 79.2 hours on this matter, which is reasonable given the number of appeals and remands. (*See id.* at 4.) *See also Martinez v. Colvin*, No. 1:15-CV-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (gathering cases). Lastly, the time spent and fee award are both

---

[4] Yanni received benefits of $90,788.68. (Doc. 54 at 4 (citing Doc. 54-B).) A 25% fee award would be $22,697.17.

4

reasonable and on par with others in this district. *See Ortega*, 2023 WL 372878, at *3–4 (awarding the same attorneys, Johnson and O'Neal, $599 per hour and gathering cases in support). Considering the foregoing, I find the fee request is reasonable and appropriate.

**IT IS HEREBY RECOMMENDED** that Yanni's Unopposed Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) be **GRANTED** and that the Court authorize $43,560.00 in attorney fees for legal services rendered in this Court, to be paid by the Social Security Administration out of Yanni's past-due benefits in accordance with agency policy.

**IT IS FURTHER RECOMMENDED** that the Court direct counsel to refund to Yanni the EAJA fee of $1,037.80 previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE